RICHARD L. KLAUER, #003070
Richard L. Klauer, P.C.
4720 East Cholla Street
Phoenix, AZ 85028
(602) 230-1393

Attorney for Plaintiff Rafael Brea

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| RAFAEL BREA, | ) |
| | ) |
| Plaintiff, | )  COMPLAINT |
| | ) |
| vs. | )  (Unpaid Overtime Wages (FLSA); Family Medical Leave Act Violation (FMLA)) |
| | ) |
| HEARTLAND EXPRESS, INC OF | )  (Jury Trial Demanded) |
| IOWA, an Iowa Corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## JURISDICTION AND VENUE

**1.** At all times hereinafter mentioned, Plaintiff Rafael Brea, (hereinafter "Plaintiff Brea") was and still is a resident of Maricopa County, Arizona.

**2.** The Defendant, Heartland Express, Inc. of Iowa (hereinafter "Defendant Heartland,") is an Iowa Corporation licensed and doing business in Arizona.

**3.** All of the acts complained of occurred in Maricopa County, Arizona and this Court has jurisdiction over the persons and subject matter complained of herein pursuant to the Fair Labor Standards Act of 1938 (29 U.S.C. § 201 et seq.); the

Family Medical Leave Act of 1993 (29 U.S.C. §2612 et seq.); and Federal Question Jurisdiction (28 U.S.C. §1331).

**4.** Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. §1391, as all of the events or omissions giving rise to the claim occurred in the State of Arizona.

**5.** Plaintiff demands a jury trial on the issues raised in this complaint.

## GENERAL ALLEGATIONS

6.  Plaintiff Brea was employed full-time as a "Route Planner" by Defendant Heartland between October 13, 2003 and February 26, 2010.

7.  Plaintiff Brea received a salary of $1,050.00 a week. This salary equates to an hourly wage of $26.25 per hour.

8.  Plaintiff Brea did not hold an executive, management, or supervisory position. His primary duties were route planning, dispatching, soliciting freight, answering phones, trailer yard checks, and data entry.

9.  Plaintiff Brea had no independent discretion as his work was subject to his manager's approval.

10. Plaintiff Brea's weekday work schedule was Monday through Friday, beginning at 6:30 a.m. and ending at 5:00 p.m.

11. Plaintiff Brea's weekday overtime work occurred each Monday through Friday from 2:30 p.m. to 5:00 p.m., for a total of 2.5 overtime hours per day or 12.5 hours per week.

12. In addition, Plaintiff Brea worked weekends. He worked one weekend per month, a Saturday from 7 a.m. until 12 p.m., and a Sunday from 7 a.m. until 4 p.m., for a total of 14 hours per weekend.

13. Plaintiff Brea worked 60 weeks from the week beginning January 5, 2009 through the week ending February 26, 2010. At 12.5 hours of overtime per week, the total of weekday overtime hours was 750.

14. In the time period stated above, Plaintiff Brea also worked 14 weekends with 14 hours worked each weekend. As a result of working on the weekends, Plaintiff Brea worked an additional 196 hours of overtime.

15. In total, Plaintiff Brea worked of 946 hours of overtime at $39.38 or one and one-half times his hourly rate of $26.25.

16. Plaintiff Brea was paid only for regular work hours, not any of his 946 overtime hours.

17. As of the date of this Complaint, Defendant Heartland owes Plaintiff Brea roughly $37, 253.48 in compensation for unpaid overtime.

18. In 2004, Plaintiff Brea began experiencing leg weakness. The weakness persisted and Plaintiff Brea sought care from physicians over the next two years. From 2004-2006, physicians were unable to diagnose the cause of his leg weakness.

19. In February 2007, Plaintiff Brea was referred to a neurologist for a left thigh muscle biopsy.

20. In March 2007, a muscle biopsy was performed by a neurologist on Plaintiff Brea's left leg.

21. In May of 2007, Plaintiff Brea was diagnosed with distal muscular dystrophy, a disease that causes permanent and incurable progressive weakening of the lower body muscles.

22. In September 2009, due to Plaintiff Brea's worsening condition, his physician directed that he reduce his work schedule down to 40 hours per week.

23. After the doctor's orders, Plaintiff Brea approached his manager at Defendant Heartland and requested a reduction in his hours to 40 per week.  The manager responded by telling Plaintiff Brea that Defendant Heartland would cut his pay by 20% and that he may lose his recent pay raise if he went to a schedule working only 40 hours per week.

24. Plaintiff then considered using his rights under the Family Medical Leave Act (hereinafter "FMLA") to reduce his work hours to 40 per week.

25. On or about September 4, 2009, Plaintiff Brea received from Defendant Heartland an FMLA Notice of Eligibility Rights and Responsibilities along with an application for medical certification from a health care provider.

26. On or about October 14, 2009, Plaintiff Brea's doctor completed and forwarded the FMLA medical certification form to Defendant Heartland's Human Resources Department.

27. At the beginning of February 2010, Plaintiff Brea had yet to receive any response from  the Human Resources Department regarding his FMLA medical certification sent in three months prior.

28. On or about February 12, 2010, Plaintiff Brea initiated email contact with Defendant Heartland's Human Resources Department regarding the status of his

FMLA certification and application.  The Human Resources Department confirmed receipt of Plaintiff Brea's FMLA paperwork on October 14, 2009, but responded that his leave request was never approved nor denied and that the matter was still pending.

29. On or about February 26, 2010, Plaintiff Brea left his position at Defendant Heartland after failing to make any headway with his supervisor or the Human Resources department regarding his FMLA application.

## COUNT ONE

### (Unpaid Overtime Compensation 29 U.S.C. §216(b))

30. Plaintiff Brea incorporates by reference the allegations of paragraphs 1-29 as though fully set forth herein.

31. Plaintiff Brea brings this action to recover unpaid overtime compensation, attorney's fees, and costs under the provisions of Section 16(b) of the Fair Labor Standards Act of 1938 (hereinafter "FLSA"), as amended (29 U.S.C. §216(b)), (hereinafter "the Act).

Pursuant to 29 U.S.C. §207:

Employees who work in excess of 40 hours in any 7-day workweek must receive compensation at a rate not less than one and one-half times the regular hourly rate at which is the employee is paid.

32. During the period from October 13, 2003 to February 26, 2010, Defendant Heartland did not compensate Plaintiff Brea at all for work in excess of 40

hours per week,  contrary to the provisions of Section 7(a) of the Act (29 U.S.C. §207(a)).

33. As a result of Defendant Heartland's violation of Section 7 of the Act, Plaintiff Brea is due and owed the amount of $37,253.48.

34. This matter arises out of an express or implied contract and Brea is entitled to an award of reasonable attorneys' fees pursuant to 29 U.S.C. §216(b).


WHEREFORE, it is respectfully requested Plaintiff Brea be awarded damages against Defendant Heartland as follows:

    A.  For at least $37,253.48, which is the amount Plaintiff Brea earned as result of working overtime hours for the Defendant Heartland;

    B.  For Plaintiff Brea's costs incurred herein;

    C.  For attorney's fees incurred by Plaintiff Brea pursuant to 29 U.S.C. §216(b);

    D.  If this matter proceeds by default, Plaintiff Brea requests attorney's fees in an amount of $2,500.00;

    E.  For pre- and post-judgment interest on the total amount awarded herein at the rate of ten percent (10%) per annum until paid in full;

    F.  For such other and further relief as the court deems just and proper.

## COUNT TWO

(Violation of 29 U.S.C. § 2612(a) of the Family and Medical Leave Act)

35.  Plaintiff Brea incorporates by reference the allegations of paragraphs 1-29 as though fully set forth herein.

Family Medical Leave Act: Entitlement to Leave,
Section 2612(a)(1) reads in relevant parts:

An eligible employee shall be entitled to a total of 12 workweeks
of leave during any 12-month period for one or more of the following…

(D) Because of a serious health condition that makes the employee
unable to perform the functions of the position of such employee.

36.  Defendant Heartland, Plaintiff's former employer, is a private sector employer who employs 50 or more employees for at least 20 work weeks in the current or preceding calendar year and is engaged in an activity affecting commerce. As such, Defendant Heartland is a covered employer under 29 U.S.C. § 2611(a)(1).

37.  Plaintiff Brea worked for the Defendant Heartland for at least 12 months and worked at least 1250 hours during the 12 month period. In addition, he worked at a location where at least 50 employees were employed by the Defendant Heartland within 75 miles, as such he was an eligible employee covered by the FMLA pursuant to 29 U.S.C. §2611(2)(A)(i).

38.  Plaintiff Brea was entitled to take reasonable leave due to a serious medical condition as provided by the FMLA, not to exceed a total of 12 workweeks of leave during any 12 month period.

39. Plaintiff Brea was diagnosed with distal muscular dystrophy, a serious medical condition as contemplated by 29 U.S.C. § 2616 (A)(1)(C), and was under a physician's supervision following the diagnosis.

40. In 2010, Plaintiff Brea's medical condition no longer allowed him to work more than 40 hours per week.

41. As per the statute, Plaintiff Brea provided Defendant Heartland written certification from his physician of the need to reduce his hours to 40 per week due to a serious medical condition.

42. Pursuant to 29 U.S.C. §2615(a)(1) "it shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" by the FMLA.

43. Defendant Heartland, by not taking action to fulfill Plaintiff Brea's request, interfered with Plaintiff Brea's statutory right to take reasonable leave due to a serious medical condition.

44. Pursuant to 29 U.S.C. §2617(a)(1)(A)(II)(ii), Plaintiff Brea is entitled to up to twelve (12) workweeks of wages and interest calculated at the current interest rate. He is also entitled to attorney's fees, court costs and liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii)

WHEREFORE, it is respectfully requested Plaintiff Brea be awarded damages against Defendant Heartland as follows:

G.  Award Plaintiff Brea damages in an amount equal to any wages, salary, employment benefits, and other compensation denied or lost to Plaintiff  Brea by reason of the violation of the statute;

H.  Award Plaintiff Brea interest on the amount of any wages, salary, employment benefits and other compensation denied or lost to him by reason of the violation of the statute;

I.  Award Plaintiff Brea liquidated damages equal to the sum of the amount of any wages, salary, employment benefits, and other compensation denied or lost to him and the interest on that amount;

J.  Award Plaintiff Brea such equitable relief as may be appropriate, including employment, reinstatement, and promotion;

K.  Award Plaintiff Brea reasonable attorney's fees, reasonable expert witness fees, and other cost of the action;

L.  Grant Plaintiff Brea such other and further relief as the Court deems appropriate under the circumstances.

DATED this ___ day of January, 2011.

RICHARD L. KLAUER, P.C.

By:_____
    Richard L. Klauer, Esq.
    Attorney for Plaintiff Brea