**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rafael Brea, ) | No. CV-11-00042-PHX-GMS |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Heartland Express, Inc. of Iowa, an Iowa ) corporation, ) | |
| Defendant. ) | |

Pending before the Court is a Motion to Dismiss (Doc. 12), filed by Defendant Heartland Express, Inc. For the following reasons, the Court denies the Motion.

**BACKGROUND**

Plaintiff Rafael Brea filed a Complaint (Doc. 1), on January 6, 2011 asserting that Defendant did not compensate him for overtime wages. Plaintiff seeks unpaid overtime hours that he worked from "the week beginning January 5, 2009 through the week ending February 26, 2010" (Doc. 1, ¶ 13), totaling "at least $37,253.48." (Doc. 1 at 6). Defendant then filed a Motion to Dismiss alleging that Plaintiff did not state a claim upon which relief can be granted. (Doc. 12). Defendant contends that Plaintiff's ambiguous Complaint appeared to request payment for overtime wages dating back more than two years since the filing of the Complaint, which violates the statute of limitations of the Fair Labor Standards Act ("FLSA"). (*Id.*). Defendant contends that "Count One of Plaintiff's Complaint seeks unpaid

overtime compensation under the FLSA for the time period from October 13, 2003 to February 26, 2010" even though Plaintiff is only entitled to relief dating back to January 6, 2009. (*Id.*).

## ANALYSIS

The statute of limitations for an FLSA action has been codified in 29 U.S.C. § 255. Under § 255, an action must be commenced '"within two years after the cause of action accrued." Plaintiff has conceded that he is only asking for overtime pay dating back to January 6, 2009, which is within the two-year statute of limitations prescribed by FLSA.[1] Therefore, the Court will construe the Complaint as limiting the FLSA time period to between January 6, 2009 and February 26, 2010. Although Plaintiff refers to damages in the amount of "at least $37,253.48," he is still limited by the two-year time period.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 12) is **DENIED**.

DATED this 8th day of April, 2011.

G. Murray Snow
United States District Judge

---

[1] In its Reply, Defendant raises for the first time the issue of whether Plaintiff, in his Complaint, is requesting overtime pay starting on January 5, 2009. The Court need not address this issue both because Defendant raises it for the first time in its Reply and because Plaintiff has already conceded that the period of overtime pay he is requesting begins on January 6, 2009. *See Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived.").