**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rafael Brea, | No. CV-11-00042-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Heartland Express, Inc. of Iowa, an Iowa corporation, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Reconsideration (Doc. 69). For the reasons stated below, the motion is denied.

**BACKGROUND**

The facts in this matter are set forth in the Court's order granting in part and denying in part summary judgment in favor of Defendant. (Doc. 65). Relevant to this motion, in late 2009, Plaintiff asked Defendant's Human Resources Department whether he could take leave under the Family and Medical Leave Act ("FMLA") based on his muscular dystrophy, and was told he would be eligible for such leave under certain conditions. On October 13, 2009, Plaintiff submitted a certification from his treating physician detailing his diagnosis of muscular dystrophy. (Doc. 59-2, Ex. H). In early 2010, Plaintiff spoke to Defendant's Human Resources office again, asking if his hours could be reduced. (Doc. 59 ¶ 50). He received no answer. In February, Defendant contacted Plaintiff's physician, who recommended that

1 Plaintiff take 1–2 days off of work per week. (Doc. 59 ¶ 52). Defendant then offered to
2 reduce Plaintiff's hours, but stated that his pay would be reduced as well. (Doc. 59 ¶¶ 55–56).
3 Plaintiff then resigned his employment and later filed this suit, alleging that Defendant had
4 "interfered with Plaintiff Brea's statutory right to take reasonable leave due to a serious
5 medical condition." (Doc. 1 ¶ 42).

6 Defendant moved for summary judgment, arguing that "as a threshold matter, Plaintiff
7 never made any request to Heartland's Human Resources Department for any specific leave
8 of absence time in 2009," and that Plaintiff had therefore not made a claim for FMLA leave
9 at that time. (Doc. 58 at 10). Defendant further stated that when Plaintiff made a second
10 request in 2010, it offered to reduce his workweek by 1-2 days but that "[i]t was not
11 immediately clear to Heartland's Human Resources Department . . . whether this reduced
12 workweek going forward was more properly classified as a reasonable accommodation under
13 the Americans with Disabilities ACT ('ADA') or an intermittent leave of absence under the
14 FMLA." (Doc. 10 at 11). Defendant stated that it had not classified the request for leave
15 because "Plaintiff's physician's update letter did not reference either the ADA or FMLA."
16 (*Id.*). Defendant made no assertion that it took any other action in response to Plaintiff's
17 FMLA request other than offer that Plaintiff work a shorter week for lower pay.

18 The Court denied summary judgment on the FMLA claim, finding that there was a
19 genuine issue of material fact as to whether Defendant's 2010 offer of a shorter work week
20 was a legally adequate response to Plaintiff's request for FMLA leave.

21 Defendant has filed a Motion for Reconsideration (Doc. 69), arguing that it was
22 manifest error for the Court to consider Defendant's offer that Plaintiff work a shorter week
23 in its earlier order. Defendant argues that the Court's action resulted in "materially
24 mischaracterizing Plaintiff's FMLA claim." (*Id.* at 1).

25 **DISCUSSION**

26 **I.   Legal Standard**

27 A motion for reconsideration may be granted only on one of four grounds, "1) the
28 motion is necessary to correct manifest errors of law or fact upon which the judgment is

- 2 -

1  based; 2) the moving party presents newly discovered or previously unavailable evidence;
2  3) the motion is necessary to prevent manifest injustice or 4) there is an intervening change
3  in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir.
4  2003) (internal quotations and emphasis omitted). Motions for reconsideration are disfavored
5  and are not the place for parties to make new arguments not raised in their original briefs and
6  arguments. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918,
7  925–26 (9th Cir. 1988). Nor should such motions ask the Court to "rethink what the court
8  has already thought through–rightly or wrongly." *See United States v. Rezzonico*, 32 F. Supp.
9  2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*,
10 99 F.R.D. 99, 101 (E.D. Va. 1983)).

11 **II.    Analysis**

12         Defendant originally argued that Plaintiff never made a valid claim for FMLA because
13 he had not categorized his request for leave as a FMLA claim. In fact, Defendant stated that
14 its Human Resources Department informed Plaintiff that he would only be granted FMLA
15 leave "if and when he specifically made a request to Heartland's Human Resources
16 Department for any specific FMLA leave of absence time." (Doc. 58 at 5). Although the
17 Court found on other grounds that Plaintiff had not made a valid FMLA claim in 2009, it
18 notes that Defendant's stated policy of requiring employees to make a specific FMLA claim
19 is wholly at odds with Ninth Circuit law. It is "the employer's responsibility, not the
20 employee's, to determine whether a leave request is likely to be covered by the Act."
21 *Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112, 1130 (9th Cir. 2001). To implicate
22 the FMLA, an employee "need not expressly assert rights under the FMLA or even mention
23 the FMLA but may only state that leave is needed for a qualifying reason." *Id.* (internal
24 brackets omitted). The employer "may request medical certification to support the need for
25 such leave." *Id.* Although the general policy of Defendant's Human Resources department
26 is not at issue in this lawsuit, as characterized in Defendant's own briefing that policy
27 imposes obligations on employees under FMLA that are properly borne by employers.
28         The Family and Medical Leave Act provides employees with the "right to use a

1 certain amount of leave for protected reasons," and makes "it unlawful for an employer to
2 'interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided'
3 by the Act." *Bachelder*, 259 F.3d at 1122 (quoting 29 U.S.C. § 2615(a)(1)). In interpreting
4 the FMLA, the Ninth Circuit has held that "employer actions that deter employees'
5 participation in protected activities constitute 'interference' or 'restraint' with the employees'
6 exercise of their rights." *Id.* at 1123. Failing to respond to a request for FMLA leave would
7 deter an employee from taking such leave, and would therefore constitute "interference" or
8 "restraint" with the employee's exercise of his FMLA rights.

9       Defendant is correct that the Court considered whether Defendant's offer that Plaintiff
10 work a shorter workweek satisfied its obligations under FMLA, even though Plaintiff did not
11 mention the offer. In doing so the Court did not "materially mischaracteriz[e]" Plaintiff's
12 complaint; rather, it examined the record to determine whether a genuine issue of material
13 fact existed as to that complaint. (Doc. 69 at 1). Defendant argued that Plaintiff had not made
14 a FMLA claim at all because he had not characterized his claim as such, and that it had not
15 offered FMLA leave because Plaintiff's doctor had not mentioned the FMLA. As noted
16 above, both of these arguments are without merit. Once the Court determined that Plaintiff
17 had made a valid FMLA claim, it considered the undisputed fact that, subsequent to that
18 claim, Defendant had offered Plaintiff the opportunity to work a reduced-length week.
19 Defendant did not argue in its motion that the arrangement constituted a response to
20 Plaintiff's FMLA request, instead stating that Defendant was not sure whether to classify the
21 proposed leave as FMLA or ADA leave.[1]

22

---

[1] Elsewhere in its order, the Court also considered the record itself, rather than merely the arguments forwarded by parties in their motions. For example, Defendant moved for summary judgment on Plaintiff's FLSA claim, arguing that the position was subject to the administrative exception. In support of this contention, it cited no Ninth Circuit caselaw, and argued only that the job was properly categorized because Plaintiff had received positive job evaluations. The fact that Plaintiff did his job well, as noted in the original order, is not probative of whether his job was "directly related to the management or general business operations of the employer" and included "the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200. Had the Court relied

Considering the proposed arrangement did not disadvantage Defendant; in fact it was to Defendant's advantage for the Court to examine the potential arrangement. Had Defendant not responded to Plaintiff's FMLA claim, that inaction would constitute "'interference' or 'restraint' with the employees' exercise of their rights." *Bachelder*, 259 at 1123. Defendant now argues that the Court has committed manifest error by considering whether this agreement fulfilled its obligations under the FMLA. Defendant notes that Plaintiff made "no legal argument or claim" that "the arrangement by Defendant in February 2010 violated the FMLA." (Doc. 69 at 3). Neither has any argument been forwarded by Defendant that it took any action that fulfilled its obligation to provide Plaintiff FMLA leave in response to his legitimate request. There is therefore a genuine issue of material fact as to whether Defendant, by failing to respond to Plaintiff's request for leave, interfered with or restrained Plaintiff from exercising his right to take that leave.

**IT IS THEREFORE ORDERED** denying Defendant's Motion for Reconsideration (Doc. 69).

DATED this 8th day of August, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge

---

only on the argument put forward in Defendant's motion, rather than the record itself, it could not have granted Defendant summary judgment on the FLSA claim.

- 5 -