James L. Blair, #016125
Tamara N. Cook, #014242
N. Todd McKay, #017369
RENAUD COOK DRURY MESAROS, PA
One North Central, Suite 900
Phoenix, Arizona 85004-4417
Telephone: (602) 307-9900
Facsimile: (602) 307-5853
*jblair@rcdmlaw.com*
*tcook@rcdmlaw.com*
*tmckay@rcdmlaw.com*
*Attorneys for Defendant Heartland Express, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Rafael Brea,<br><br>             Plaintiff,<br><br>v.<br><br>Heartland Express, Inc. of Iowa, an Iowa corporation,<br><br>             Defendant. | **CV11-00042-PHX-GMS**<br><br>**MOTION FOR JUDGMENT AS A MATTER OF LAW** |

**I.      BACKGROUND**

Plaintiff made two separate requests for FMLA "leave" – one in September 2009, and one in February 2010. Only the February 2010 request was sufficiently supported by the certification of a health care provider. Accordingly, this Court ruled, and then specifically clarified (orally) at the October 12, 2012 Final Pretrial Conference, that the September/October 2009 request was dismissed and only the February 2010 request would be relevant and tried.

In light of the Court's pretrial rulings in this case, the binding Final Pretrial Order (Doc. 81), the Order Setting Trial (Doc. 80), and **most particularly the Court's clarifying comments at the October 12, 2012 Final Pretrial Conference confirming that Plaintiff's only remaining FMLA claim for trial is his February 2010 request**

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 1)

**for FMLA leave (as opposed to his September/October 2009 request**), Defendant Heartland Express hereby moves for judgment in this case – either as a judgment on the pleadings, pursuant to FED.R.CIV.P. 12(c), or as a judgment as a matter of law, pursuant to FED.R.CIV.P. 50(a).

Paragraph 4 of this Court's Order Setting Trial (Doc. 80) expressly stated that:

> 4. The parties proposed final pretrial order was approved by the Court as the final pretrial order in the case. **The order shall govern the presentation of evidence and other trial issues**, and, pursuant to Rule 16(e ) of the Federal Rules of Civil Procedure, shall be modified only to prevent manifest injustice. **Evidence, objections, legal arguments, and relief not requested or identified in the order shall not be available at trial**, except to prevent manifest injustice.

(Emphasis added.)

However, all of Plaintiff's contested issues of fact and law, and contentions relating thereto, in the Final Pretrial Order (Doc. 81) relating to Plaintiff's alleged FMLA interference-with-leave-rights claim for trial are based solely on Plaintiff's now dismissed claim that Heartland Express failed to act upon Plaintiff's 2009 request for FMLA leave, and Plaintiff makes no argument in the Final Pretrial Order that Heartland Express failed to act upon Plaintiff's 2010 request for FMLA leave or that Plaintiff suffered any actual monetary loss damages as a result thereof, as demonstrated by the attached "strikethrough" version of the Final Pretrial Order [attached hereto as Doc.#85-1].[1]

Indeed, Plaintiff's own trial exhibit no. 4 [*see* Doc.#81, p.12 (referencing BREA0001-7)] expressly concedes that Heartland Express did not fail to act on Plaintiff's only relevant FMLA leave request – his 2010 request. [*See* copy of same attached hereto as Doc.#85-2 (BREA0005).] Accordingly, pursuant to this Court's Order

---

[1] *See* therein (revised) Fact Issue #1, Fact Issue #3, Fact Issue #4, Law Issue #1, Law Issue #2, Law Issue #3, Law Issue #4, Law Issue #5, and Law Issue #8.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

1 Setting Trial [Doc.#80] and the Final Pretrial Order [Doc.#81], no other evidence or legal
2 arguments may be presented at trial and thus Plaintiff has no legal or factual basis to go
3 to the jury solely with respect his 2010 request.
4     For these reasons, Heartland Express hereby requests that this Court grant
5 Defendant Heartland Express judgment as a matter of law in this case and vacate the trial
6 scheduled to begin one week from today on Wednesday, November 28, 2012.

7 **II.    ARGUMENT**

8     **A.    Either Rule 12(c) or Rule 50(a) Authorizes This Court to Grant Judgment as a Matter of Law When a Plaintiff Cannot Succeed On Its Allegations As a Matter of Law.**

10 Heartland Express respectfully submits that either Rule 12(c) or Rule 50(a)
11 authorizes a judgment in its favor in this case. Rule 12 states, in pertinent part:

12     After the pleadings are closed—but early enough not to delay trial—a party
13     may move for judgment on the pleadings.

14 FED.R.CIV.P. 12(c). "Judgment on the pleadings is proper when, taking all allegations in
15 the pleadings as true and construed in the light most favorable to the nonmoving party,
16 the moving party is entitled to judgment as a matter of law." Living Designs, Inc. v. E.I.
17 Dupont de Nemours & Co., 431 F.3d 353, 360 (9th Cir. 2005); *see also* Elvig v. Calvin
18 Presbyterian Church, 375 F.3d 951, 955 (9th Cir. 2004) (same). A court considering 12(c)
19 may consider materials of which the court may take judicial notice and documents for
20 which the authenticity is not contested and upon which the complaint necessarily relies.
21 *See, e.g.,* Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); Parrino v. FHP, Inc., 146
22 F.3d 699, 706 (9th Cir.1998).[2]

---

24 [2] "Rule 12(c) allows a party to move for judgment on the pleadings *at any time* '[a]fter the pleadings are closed but within such time *as not to delay the trial*.'" R.G.
25 Financial Corp. v. Vergara-Nunez, 446 F.3d 178, 183 (1st Cir. 2006) (emphasis added) (citing FED.R.CIV.P. 12(c)). To the extent that this Court has concerns that such a motion
26 on the eve of trial is untimely, Homeland Express first argues that Rule 12 authorizes a court to grant judgment on the pleadings at any time and alternatively asserts that the

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 3)

Rule 50 also permits this Court to enter judgment in favor of Heartland Express. That rules states, in pertinent part:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for the party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

FED.R.CIV.P. 50(a)(1). Although this portion of the Rule applies when "a party has been fully heard on an issue," the Rule clarifies that such a motion "may be made at any time before submission of the case to the jury." FED.R.CIV.P. 50(a)(2). *See also* Moore v. Sloss, 465 Fed.Appx. 706 (9th Cir. 2012) (same). As the Ninth Circuit has explained,

> "economy and expedition" are served by cutting short trials containing legally insufficient evidence "as soon as it is apparent that [a] party is unable to carry a burden of proof that is essential to that party's case." …

Summers v. Delta Air Lines, Inc., 508 F.3d 923, 926-27 (9th Cir. 2007) (emphasis added).

In this case, given that the instant Motion is based on the contested issues of fact and law for trial set forth in the Final Pretrial Order, and that this Court's Order Setting Trial [Doc.#80] makes clear that issues not identified in the Final Pretrial Order [Doc.#81] shall not be available at trial, Heartland Express submits that Plaintiff's opportunity to address these issues was his contribution to the Joint Pretrial Order, wherein he could have indicated contested issues of fact and law that would demonstrate that he was prepared to and could meet his evidentiary burden with respect to his only

---

elimination of the September 2009 request at the Pretrial Conference stage, which left only the February 2010 request – provides sufficient good cause to satisfy Rule 16(b). *See, e.g.*, Riggins v. Walter, 279 F.3d 422, 428 nn.6&7 (7th Cir. 1995) (noting that other courts had approved of 12(c) motions filed "on the eve of trial" because sufficiently changed circumstances satisfied any Rule 16(b) "good cause" concerns) (citing, *inter alia*, WRIGHT & MILLER § 1367).

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 4)

remaining FMLA claim for trial, i.e., his February 2010 request for FMLA leave. He wholly failed to do so.

### B.  Plaintiff Cannot Sustain His Cause on the February 2010 Request.

Given that Plaintiff no longer may rely on any claim regarding the September 2009 request, the only remaining claim is the February 2010 request. The elements of a claim for wrongful deprivation of FMLA benefits require proof of: 1) interference with, or restraint of, or denial of benefits, and 2) damages resulting therefrom.

> An employer who prevents or impedes an employee from exercising his or her FMLA rights is liable to the employee for, as appropriate, damages, and equitable relief.[3] 29 U.S.C. §§ 2615(a), 2617(a). To state such a claim, the employee must prove that the employer: (1) interfered with his or her exercise of FMLA rights; and (2) caused prejudice thereby. Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89 (2002). Actionable interference exists where the employer impedes, restrains, or denies the exercise of any rights protected the FMLA. 29 C.F.R. § 825.220(a). Prejudice exists where an employee loses compensation or benefits "by reason of the violation," 29 U.S.C. § 2617(a)(1)(A)(i)(I); or sustains other monetary losses "as a direct result of the violation," § 2617(a)(1)(A)(i)(II).

Reed v. Buckeye Fire Equipment, 241 Fed.Appx. 917 (4th Cir. 2007). As demonstrated below, as a matter of law, Plaintiff cannot prove these elements.

#### 1.  Plaintiff Cannot Prove Either Interference or Restraint or Denial of FMLA "Leave" Based on the February 2010 Request.

Plaintiff cannot show that Heartland Express interfered with Plaintiff's February 2010 request. Indeed, as acknowledged in the Final Pretrial Statement, Plaintiff concedes that Defendant acted upon Plaintiff's request in February 2010. [*See* Doc.#81, p.5, ln.15-16 ("The Defendant failed to act upon the request or notify Plaintiff anything regarding the request until February of 2010.").] Furthermore, as demonstrated in Plaintiff's hand-written notes, which are designated in the Final Pretrial Order as Plaintiff's Trial Exhibit

---

[3] Plaintiff has not sought equitable relief, and no such claim is specified in the Final Pretrial Order. [Doc.#81.]

(Page 5)

4 [*see* Doc.#81, p.12 (referencing BREA0001-7)], Plaintiff further acknowledges that Heartland Express also did not deny Plaintiff's request in February 2010:

> 2/26 - Greg Stewart [Heartland Express] called me @ 13:39 and stated that my FMLA will start as 2-19 with the next time off I used and they will determine if it relates to FMLA … .

*See, e.g.,* Dream Games of Arizona, Inc. v. PC Onsite, 561 F.3d 983, 996 (9th Cir. 2009) ("parties are typically considered bound by the statements of claims made in their pretrial order.") (citing FED.R.CIV.P. 16(e)).  [Doc.#85-2 (BREA 0005).]

Accordingly, Plaintiff cannot show a violation of the FMLA statute based on the only allegations remaining – i.e., allegations relating to the February 2010 request.

### 2. Plaintiff Cannot Prove Any Damages Resulting from the February 2010 Request.

Plaintiff makes no legal argument, or presents any contested issue of fact or law, in the Final Pretrial Order that he suffered any actual monetary loss relating to his February 2010 request. Again, it is noted that Plaintiff quit his job with Heartland Express that same month – on February 26, 2010. [Doc.#81, p.8:ln.05-06.] FMLA law requires proof by of actual damages from the alleged violation. *See, e.g.,* Walker v. United Parcel Service, Inc., 240 F.3d 1268, 1277 (10th Cir. 2001) ("Because recovery is thus unambiguously limited to actual monetary losses, courts have consistently refused to award FMLA recovery for such other claims as consequential damages.").

Accordingly, here again, pursuant to this Court's Order Setting Trial [Doc.#80], no other evidence or legal arguments may be presented at trial and thus on this additional basis Plaintiff has no legal or factual basis to go to the jury solely with respect to Plaintiff's February 2010 request, for which he has not asserted the requisite actual monetary loss anywhere in the Final Pretrial Order.

/ / /

/ / /

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 6)

### III. CONCLUSION

For the reasons set forth above, Defendant Heartland Express is entitled to judgment as a matter of law in this case with respect to Plaintiff's only remaining FMLA claim for trial, i.e., his February 2010 request for FMLA leave. Accordingly, again, Heartland Express hereby requests that this Court grant Defendant Heartland Express judgment as a matter of law in this case and vacate the trial scheduled to begin one week from today on Wednesday, November 28, 2012.

RESPECTFULLY SUBMITTED this  21st  day of November, 2012.

> RENAUD COOK DRURY MESAROS, PA
>
> By   /s/ N. Todd McKay
>       James L. Blair
>       Tamara N. Cook
>       N. Todd McKay
>   One North Central, Suite 900
>   Phoenix, Arizona 85004-4417
>   *Attorneys for Defendant Heartland Express, Inc.*

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 7)

**CERTIFICATE OF SERVICE**

I hereby certify that on this ___21st___ day of November, 2012, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants.

Copy of the foregoing hand-delivered this same date to:

> The Honorable G. Murray Snow
> United States District Court
> Sandra Day O'Connor U.S. Courthouse, Suite 622
> 401 West Washington Street, SPC 80
> Phoenix, AZ  85003

Copy also e-served this same date to:

> Richard L. Klauer, Esq.
> Kelly A. Foster, Esq.
> RICHARD L. KLAUER, P.C.
> 4720 East Cholla Street
> Phoenix, AZ  85028

By ___/s/ Debra Garcia___

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ  85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 8)